J-A22010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK LEE | : | |
| | : | |
| Appellant | : | No. 1008 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 19, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016878-2014

BEFORE: OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: JUNE 13, 2023**

Appellant, Derek Lee, appeals from the judgment of sentence entered

on December 19, 2016. We affirm.

The trial court ably summarized the underlying facts of this case:

> On October 14, 2014, at approximately three o'clock in the
> afternoon, two men entered the residence shared by Leonard
> Butler, Tina Chapple, and their young son. While Chapple
> was upstairs, she was called to come down . . . to the living
> room by Butler. When she got to the living room, she
> observed two males with guns and partially covered faces.
> Both Butler and Chapple were forced into the basement of
> the home, and then were forced to kneel. Both males were
> yelling at Butler to give up his money and one used a taser
> on Butler several times during the attack. One of the men,
> referred to by Chapple in interviews with police as "the
> meaner one," pistol whipped Butler in the face before taking
> his watch and running up the stairs. The second male
> remained with the couple and when Butler began to struggle
> with him over the gun, a shot was fired killing Butler.

---

[*] Retired Senior Judge assigned to the Superior Court.

> During the investigation, it was determined that a rental vehicle under [Appellant's] name had been present outside of the home around the time of the shooting. Additionally, on October 29, 2014, Chapple was shown a photo array by police and positively identified [Appellant] as the male involved in the incident that was not the shooter.

Trial Court Opinion, 3/23/22, at 1-2.

Following trial, the jury found Appellant guilty of second-degree murder, robbery, and conspiracy.[1] On December 19, 2016, the trial court sentenced Appellant to serve a mandatory term of life in prison without the possibility of parole for his second-degree murder conviction[2] and to serve a consecutive term of ten to 20 years in prison for his criminal conspiracy conviction.[3] Appellant did not file an immediate appeal to this Court.

On November 5, 2020, after proceedings under the Post Conviction Relief Act ("PCRA"), the PCRA court reinstated Appellant's post-sentence and appellate rights. *See* PCRA Court Order, 11/5/20, at 1. Appellant's post-sentence motion was denied by operation of law on July 26, 2021 and Appellant filed a timely notice of appeal on August 25, 2021. Appellant raises the following claims to this Court:

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), and 903, respectively.

[2] 18 Pa.C.S.A. § 1102(b) provides a mandatory sentence of life imprisonment for second-degree murder. 61 Pa.C.S.A. § 6137(a)(1) then declares that offenders serving life imprisonment are ineligible for parole.

[3] The trial court imposed no further penalty for Appellant's robbery conviction.

> 1. Is [Appellant's] mandatory sentence of life imprisonment with no possibility of parole unconstitutional under the Eighth Amendment to the [United States] Constitution where he was convicted of second-degree murder in which he did not kill or intend to kill and therefore had categorically-diminished culpability under the Eighth Amendment?
>
> 2. Is [Appellant's] mandatory sentence of life imprisonment with no possibility of parole unconstitutional under Article I, § 13 of the Constitution of Pennsylvania where he was convicted of second-degree murder in which he did not kill or intend to kill and therefore had categorically-diminished culpability and where Article I, § 13 should provide greater protections in these circumstances than the Eighth Amendment?

Appellant's Brief at 2.

Both of Appellant's claims challenge the legality of his sentence. "We note that legality of sentence questions are not waivable and may be raised *sua sponte* on direct review by this Court." ***Commonwealth v. Wright***, 276 A.3d 821, 827 (Pa. Super. 2022) (quotation marks, citations, and corrections omitted). "Further, since Appellant's claim implicates the legality of his sentence, the claim presents a pure question of law. As such, our scope of review is plenary and our standard of review *de novo*." ***Id.*** (quotation marks and citations omitted).

First, Appellant claims that his mandatory sentence of life imprisonment without the possibility of parole is unconstitutional under the Eighth Amendment to the United States Constitution,[4] as he was convicted of

---

[4] The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. viii.

second-degree murder and did not kill or intend to kill anyone during the commission of a robbery, the underlying predicate felony. Specifically, Appellant argues, his sentence violates the Eighth Amendment because: he did not kill or intend to kill anyone and, thus, he has diminished culpability; a mandatory sentence of life imprisonment without the possibility of parole for individuals who did not kill or intend to kill is unduly harsh in relation to legitimate penological purposes; and, "Pennsylvania's mandatory life-without-parole sentencing scheme is objectively out of step with contemporary" national and global standards. Appellant's Brief at 22.

Appellant acknowledges our recent opinion in ***Commonwealth v. Rivera***, 238 A.3d 482 (Pa. Super. 2020), where this Court rejected the precise claims that Appellant raises on appeal. ***See Rivera***, 238 A.3d at 501-503 (rejecting the appellant's claims that his sentence of life in prison without the possibility of parole for second-degree murder "constitutes cruel and unusual punishment because under the felony-murder rule, no regard is given to the culpability or the mental state of a defendant who causes the death of another person, and thus the rule dictates a punishment that is without proportionality between the crime and has little legitimate deterrent or retributive rationale") (quotation marks, citations, and corrections omitted). However, Appellant argues that ***Rivera*** was wrongly decided because:

> this Court analyzed the proportionality of the sentence under ***Solem v. Helm***, 463 U.S. 277 (1983), and relied on this Court's prior decision in ***Commonwealth v. Middleton***, 467 A.2d 841 (Pa. Super. 1983). Under this line of Eighth Amendment analysis, courts assess whether a punishment is

grossly disproportionate to the offense and apply a different standard than that which was previously applied only in the death penalty context.

Appellant's Brief at 14-15.

According to Appellant, *Rivera's* analysis was incorrect because, in *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the United States Supreme Court "instruct[ed] that life-without-parole sentences are sufficiently similar to the death penalty that they may be unconstitutional when applied to people with categorically-diminished culpability based on their offense or characteristics." Appellant's Brief at 15.

Appellant is entitled to no relief. At the outset, the Eighth Amendment does not require uniformity in penological approaches across the States. Hence, Pennsylvania's mandatory scheme of punishment for second-degree murder does not run afoul of the Constitution simply because it differs from that of other States. Also, Appellant concedes there is no authority which raises doubts about the constitutional validity of any specific feature of the challenged scheme. *See* Appellant's Brief at 14 (conceding that no precedent holds that Eighth Amendment forbids a mandatory sentence of life without parole for an adult second-degree murder defendant). Thus, Appellant cites no decision which has ever concluded that an individual, charged with homicide and who has attained the age of majority, may be viewed as having categorically-diminished culpability for purposes of considering whether the

Eighth Amendment proscribes the imposition of a life-without-parole sentence.

Appellant questions the precedential value of our prior decision in **Rivera**. However, this Court decided **Rivera** in 2020 – which is after **Graham**, **Miller**, and **Montgomery** were decided. Thus, in the absence of intervening precedent from a higher court, we are bound by **Rivera**, regardless of whether Appellant believes **Rivera** was wrongly decided. **See Commonwealth v. Taggart**, 997 A.2d 1189, 1201 n.16 (Pa. Super. 2010) ("one three-judge panel of [the Superior] Court cannot overrule another" three-judge panel); **see also Rummel v. Estelle**, 445 U.S. 263 (1980) (the petitioner was convicted of three felony theft crimes and sentenced, under a recidivist sentencing statute, to a mandatory term of life in prison; the United States Supreme Court held that this punishment "does not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments"); **Commonwealth v. Henkel**, 938 A.2d 433, 446-447 (Pa. Super. 2007) (rejecting the appellant's claim that "imposition of a life sentence for second-degree murder is 'cruel and unusual punishment' under both the United States and Pennsylvania Constitutions"); **Commonwealth v. Middleton**, 467 A.2d 841 (Pa. Super. 1983) (rejecting the appellant's claim that "the imposition of a mandatory life sentence on one convicted of felony-murder constitutes cruel and unusual punishment in derogation of the Eighth and Fourteenth Amendments to the United States Constitution"); **Commonwealth v. Cornish**, 370 A.2d 291, 293 and 293 n.4 (Pa. 1977) (rejecting the appellant's

- 6 -

challenge to the mandatory nature of his sentence of life imprisonment for second-degree murder because "[i]t can hardly be said that the circumstances wherein a murder is committed during the commission of a felony vary to such an extent that the legislative determination to mandate one penalty is unreasonable"); *Commonwealth v. Howie*, 229 A.3d 372 (Pa. Super. 2020) (non-precedential decision), at *2 (rejecting the appellant's claim that his mandatory punishment of life in prison for second-degree murder constituted cruel and unusual punishment);[5] *Commonwealth v. Michaels*, 224 A.3d 798 (Pa. Super. 2019) (non-precedential decision), at **2-3 (rejecting the appellant's claim "that a mandatory sentence of life without the possibility of parole violates the United States and Pennsylvania Constitutions' proscription against cruel and unusual punishment").

We also note that *Graham*, *Miller*, and *Montgomery* were all concerned with juveniles and, as the United States Supreme Court held, "children are constitutionally different from adults for purposes of sentencing." *Miller*, 567 U.S. at 471. Appellant, on the other hand, was 26 years old at the time he committed his crimes. Further, in *Jones v. Mississippi*, 141 S.Ct. 1307 (2021), the United States Supreme Court limited the holdings of *Miller* and *Montgomery*. As the Pennsylvania Supreme Court summarized, under *Jones*, "[a] life-without-parole sentence for a juvenile murderer is []

_____

[5] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

constitutional, and hence no viable **Miller** claim exists, 'so long as the sentence is not mandatory — that is, [] so long as the sentencer has discretion to consider the mitigating qualities of youth and impose a lesser punishment.'" **Commonwealth v. Felder**, 269 A.3d 1232, 1243 (Pa. 2022), *quoting* **Jones**, 141 S.Ct. at 1314. However, as noted above, Appellant was not a juvenile at the time he committed his crimes and, thus, the specific holdings of **Miller**, **Montgomery**, and **Jones** do not apply to him. Appellant's first claim on appeal thus fails.

Next, Appellant claims that his mandatory sentence of life imprisonment without the possibility of parole is unconstitutional under Article I, § 13 of the Constitution of Pennsylvania.[6] As Appellant argues:

> the prohibition on "cruel punishments" under Article I, § 13 can and should be interpreted to afford broader protection than the Eighth Amendment's prohibition on "cruel and unusual punishments." This is especially so given the distinctive text and historical context in which Pennsylvania's anti-cruelty provision was drafted, strongly anchoring this constitutional right in a conception of justice that understood that the outer limits of punishment must be demarcated by what was necessary to further rehabilitation and deterrence.

Appellant's Brief at 52.

Again, Appellant's claim on appeal fails because this Court has specifically rejected the claim in a prior opinion. **See Henkel**, 938 A.2d at

---

[6] Article I, Section 13 of the Pennsylvania Constitution declares: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa.Const.Art. I, § 13.

446-447 (rejecting the appellant's claim that "imposition of a life sentence for second-degree murder is 'cruel and unusual punishment' **under both** the United States **and Pennsylvania** Constitutions") (emphasis added). As noted above, "one three-judge panel of [the Superior] Court cannot overrule another" three-judge panel. ***Taggart***, 997 A.2d at 1201 n.16. Thus, we are bound by ***Henkel's*** holding and Appellant's claim on appeal immediately fails.

Further, as the Pennsylvania Supreme Court expressly held, "the rights secured by the Pennsylvania prohibition against 'cruel punishments' are co-extensive with those secured by the Eighth and Fourteenth Amendments." ***Commonwealth v. Zettlemoyer***, 454 A.2d 937, 967 (Pa. 1982), *overruled on other grounds by* ***Commonwealth v. Freeman***, 827 A.2d 385 (Pa. 2003); ***see also Commonwealth v. Elia***, 83 A.3d 254, 267 (Pa. Super. 2013) ("Pennsylvania courts have repeatedly and unanimously held that the Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendments to the United States Constitution, and that the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution") (quotation marks, citations, and corrections omitted). Therefore, since Appellant's Eighth Amendment claim fails, Appellant's Article I, Section 13 claim likewise fails. ***See Zettlemoyer***, 454 A.2d at 967; ***Elia***, 83 A.3d at 267.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Colins joins this Memorandum.

Judge Dubow files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2023